KELLER, P.J.,
filed a concurring opinion.
I agree with the Court’s analysis of the meaning of “apparent consent” as it pertains to this case.
*231 But the Court says that whether Killian violated the law depends upon whether she had appellant’s effective consent. I think that is not quite right. With respect to the offense of trespass, a defendant’s intrusion without effective consent is criminal only if he had notice that entry was forbidden or received notice to depart but failed to do so.[1] On this record, the trial court could reasonably conclude that no notice of either type was conveyed to Killian. With respect to the offense of breach of computer security, whether Killian violated the law can depend upon whether she believed that she had appellant’s consent.[2] The trial court made no explicit finding of fact regarding whether Killian believed she had consent to access the computer, but the court did find credible her testimony regarding the circumstances of that access. The trial court concluded that she did not violate the law when she accessed his computer, and the record easily supports that conclusion.
I concur in the Court’s judgment.

. Tex. Penal Code § 30.05(a).

. See Id. § 33.02(a)("A person commits an offense if the person knowingly accesses a computer, computer network, or computer system without the effective consent of the owner”); McQueen v. State, 781 S.W.2d 600, 604 (Tex.Crim.App. 1989) (in a prosecution for unauthorized use of a motor vehicle, culpable mental state applies to the absence of consent). See also Liparota v. United States, 471 U.S. 419, 424 & n. 7, 425, 105 S.Ct. 2084, 85 L.Ed.2d 434 (1985) (discussing ambiguity that can be created by placement of "knowingly” at the beginning of a statute — "it is not at all clear how far down the sentence the word 'knowingly' is intended to travel” — and holding that the culpable mental state applies to language farther down the sentence "[a]bsent indication of contrary purpose in the language or legislative history of the statute).”